IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CASEY LONG,

    Plaintiff,

v.                                                                                            No. 13-cv-0965 SMV/LAM

BRIDGESTONE AMERICAS TIRE
OPERATIONS, LLC, and
CECILIA DODSON,

    Defendants.

**ORDER**

THIS MATTER is before the Court sua sponte, following its review of the Notice of Removal [Doc. 1], filed by Defendant Bridgestone Americas Tire Operations, LLC ("BATO") on October 4, 2013. The Court has a duty to determine whether subject matter jurisdiction exists sua sponte. *See Tuck v. United Servs. Automobile Ass'n*, 859 F.2d 842, 844 (10th Cir. 1988). The Court, having considered the Notice of Removal, the applicable law, and being otherwise fully advised in the premises, concludes that the Notice fails to allege the necessary facts of citizenship in order to sustain diversity jurisdiction. Therefore, the Court will order Defendant BATO to file an amended notice of removal no later than October 22, 2013, if the necessary jurisdictional allegations can be made in compliance with the dictates of Rule 11 of the Federal Rules of Civil Procedure.

**I.    BACKGROUND**

On October 4, 2013, Defendant BATO filed its Notice of Removal under 28 U.S.C. § 1332. [Doc. 1] at 2. The Notice asserts that there is complete diversity between Plaintiff and

Defendants and that the amount in controversy exceeds $75,000.  *Id*. at 2–3.  In support of its claim of diversity of citizenship, Defendant BATO asserts that it is "a Delaware Limited Liability Company with its principal place of business in the state of Tennessee." Defendant BATO makes no allegations about the citizenship of its members.  *See id.*

## II.     LEGAL STANDARD

The federal statute providing for the removal of cases from state to federal court was intended to restrict rather than enlarge removal rights.  *Greenshields v. Warren Petroleum Corp.*, 248 F.2d 61, 65 (10th Cir. 1957).  Federal courts, therefore, are to strictly construe the removal statutes and to resolve all doubts against removal.  *Fajen v. Found. Reserve Ins. Co., Inc.*, 683 F.2d 331, 333 (10th Cir. 1982).  The removing party bears the burden of establishing the requirements for federal jurisdiction.  *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1290 (10th Cir. 2001).

## III.     DISCUSSION

District courts have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States.  § 1332(a).  When a plaintiff files a civil action in state court over which the federal district courts would have original jurisdiction based on diversity of citizenship, the defendant may remove the action to federal court, provided that no defendant is a citizen of the State in which such action is brought.  *See* 28 U.S.C. § 1441(a), (b).

Determining the citizenship of a limited liability company is different than determining the citizenship of a corporation under § 1332.  A corporation is deemed to be a citizen of the

state in which it is incorporated and in which it maintains its principal place of business. *See* § 1332(c). Limited liability companies, however, are treated as partnerships for citizenship purposes and are, therefore, citizens of every state in which any of its members are citizens. *See Carden v. Arkoma Assocs.*, 494 U.S. 185, 195–96, (1990) (the citizenship of business entities is determined by the citizenship of its members); *D.B. Zwirn Special Opportunities Fund, L.P. v. Mehrotra*, 661 F.3d 124, 125 (1st Cir. 2011) (citizenship of LLC is determined by citizenship of its members); *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 420 (3d Cir. 2010) (same); *Delay v. Rosenthal Collins Group, LLC*, 585 F.3d 1003, 1005 (6th Cir. 2009) (same); *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008) (same); *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) (same); *GMAC Commercial Credit, LLC v. Dillard Dep't Stores, Inc.*, 357 F.3d 827, 829 (8th Cir. 2004) (same); *Rolling Greens MHP, L.P. v. Comcast SCH Holdings, LLC*, 374 F.3d 1020, 1022 (11th Cir. 2004) (same); *Gen. Tech. Applications, Inc. v. Exro Ltda*, 388 F.3d 114, 120 (4th Cir. 2004) (same); *Commonwealth Ins. Co. v. Titan Tire Corp.*, 398 F.3d 879, 881 n.1 (7th Cir. 2004) (same); *Handelsman v. Bedford Village Assocs. Ltd. P'ship*, 213 F.3d 48, 51–52 (2d Cir. 2000) (same); *THI of N.M. at Vida Encantada, LLC v. Lovato*, 848 F. Supp. 2d 1309, 1317–18 (D.N.M. 2012) (same).

Here, the facts set forth in the Notice of Removal do not sufficiently establish the citizenship of Defendant BATO because they fail to allege the citizenship of its members. A notice of removal that fails to specify the necessary facts to establish diversity jurisdiction is defective. *Hendrix v. New Amsterdam Casualty Co.*, 390 F.2d 299, 300 (10th Cir. 1968). Technical defects, however, may be cured by amendment of the notice. *See id.* at 300–02

(permitting amendment of notice of removal to allege principal place of business of defendant and citizenship, rather than mere residence, of plaintiff); *Buell v. Sears, Roebuck & Co.*, 321 F.2d 468, 471 (10th Cir. 1963) (permitting amendment after appeal to allege corporation's principal place of business); *see also* 28 U.S.C. § 1653 (Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts.). As the Tenth Circuit explained in *Hendrix*, disallowing amendment in circumstances comparable to those in this case would be "too grudging with reference to the controlling statute [28 U.S.C. § 1653], too prone to equate imperfect allegations of jurisdiction with the total absence of jurisdictional foundations, and would tend unduly to exalt form over substance and legal flaw-picking over the orderly disposition of cases properly committed to federal courts." *Hendrix*, 390 F.2d at 301 (footnotes omitted).

Accordingly, the Court will give Defendant BATO the opportunity to file an amended notice of removal to properly allege the citizenship of its members.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Defendant BATO shall amend the Notice of Removal to properly allege diversity of citizenship, if such allegations can be made in compliance with the dictates of Rule 11 of the Federal Rules of Civil Procedure, no later than **October 22, 2013**.

**IT IS FURTHER ORDERED** that if such an amended notice is not filed by **October 22, 2013**, the Court may dismiss this action without prejudice.

**IT IS SO ORDERED.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**

4